■ In the Matter of WILFREDO OTERO, Petitioner, v NEW YORK CITY DEPARTMENT OF CORRECTIONS et al., Respondents. [735 NYS2d 768] —Determination of respondent Commissioner, dated September 8, 2000, which, after a prison disciplinary hearing, found petitioner guilty of possession of narcotics and imposed a penalty of 3,600 days in punitive segregation, unanimously modified, on the law and the facts, to reduce the penalty to 90 days, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Sheila Abdus-Salaam, J.], entered April 27, 2001) otherwise disposed of by confirming the remainder of the determination, without costs.

Upon review of the record, we find substantial evidence (*see, 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180) to support the determination finding petitioner guilty of narcotics possession based on the drug test NIK report and the apprehending officers' written report (*see, Matter of Archie v Great Meadow Correctional Facility*, 243 AD2d 808). We also find that the hearing officer's determination at the inmate disciplinary hearing not to permit petitioner to call or

confront witnesses did not, under the circumstances obtaining, constitute a denial of due process. An "inmate's right to present witnesses is necessarily circumscribed by the penological need to provide swift discipline in individual cases * * * [and] the very real dangers in prison life which may result from violence or intimidation directed at either other inmates or staff" (*Ponte v Real*, 471 US 491, 495) and, accordingly, an inmate responding to charges at a disciplinary hearing has no unqualified right to present witnesses (39 RCNY 1-03 [a] [10] [iii]) and may not confront or cross-examine adverse witnesses (39 RCNY 1-03 [a] [10] [v]). Nor was petitioner denied effective assistance of a counsel substitute. Finally, upon respondents' consent, the punishment is reduced as indicated.

We have considered petitioner's remaining arguments and find them unavailing. Concur—Nardelli, J.P., Williams, Saxe, Wallach and Friedman, JJ.